FILED

pg 1

In The United States
District Court Northern
District of Ohio

2019 JAN 25  AM 10: 56

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

CASE no : 1:18 cv 2830

42 U.S.C. 1983
Complaint for damages
(Amended complaint)

1 Damar D. Ruffin

v.

2 Postal Inspector Marc Kudley, in his individual
capacity And,

3 Sergeant M. Stott, in his individual And official
capacity And,

4 Detective Chris Carney, in his individual And official
capacity And,

5 Detective Scott Williams, in his individual And official
capacity And,

6 Detective Paul J. Hill, in his individual And official
capacity And,

7 Detective Mike Zimcosky, in his individual And
official capacity And,

8 Detective Alan T. Jones, in his individual And official
capacity And,

pg 2

9. District Attorney Sherri Bevan Walsh, in her individual And official capacity And,

10. Assitant District Attorney Justin Richards, in his individual And official capacity And,

11. Journalist Adam Ferrise, in his individual capacity And,

12. Cleveland Plain Dealer, And

13. Federal Bureau of Investigation Agent Timothy Edquist, in his individual capacity And,

14. City of Akron

## Jurisdiction

15. This Action is brought pursuant to 42 U.S.C. 1983, 1985 1986, And 1988, And the first, fourth, fifth, sixth, Eighth And fourteenth amendments to the constitution of the United States.

16. This court has jurisdiction pursuant to 28 U.S.C. 1331, 1343 And 1346, including Bivens v. Six unknown federal Agents bureau of narcotics.

17. This court Also has supplemental jurisdiction under 28 U.S.C. 1367

pg3

## Nature of Action

18. Declatory, monetary, and injunctive relief for deprivations of united states constitutional rights under color of Law, practices, And procedures of which a reasonable person should have known to be unlawful and unconstitutional as proximate cause of injuries sustained by plaintiff.

## Parties

19. Plaintiff is a resident of Akron, OH and at all times relevant to this complaint was a citizen of the united states.

20. Marc Kudley is an Postal Inspector employed by the united states postal service in cleveland oHio.

21. M. Stott, at all times relevant to this action was a Sergeant in Akron police department Narcotics division in this capacity was:

A. A supervising officer of the Akron Police department narcotics division, and was responsible for their training, supervision, and conduct.

22. Chris Carney, at all times relevant to this action was a detective in Akron police department narcotics division, in this capacity was:

A. lead detective and reporting officer

pg 4

23 Scott Williams, At all times relevant to this action was a
detective in Akron police department Narcotics division.

24 Paul J. Hill, At all times relevant to this action was a
detective in Akron Police department Narcotics division.

25 Alan T. Jones, At all times relevant to this action was
a detective in Akron police department Narcotics division.

26 Michael Zimcosky, At all times relevant to this action was
a detective in Akron police department Narcotics division.

27 Sherri Bevan Walsh, At all times relevant to this action was
the district Attorney for Summit county.

28 Justin Richards, At all times relevant to this action was the
Assitant district Attorney for summit county.

29 Adam Ferrise, At all times relevant to this action was a
journalist employed by cleveland plain dealer.

30 Cleveland Plain Dealer is a newspaper corporation duly organized
And existing under the laws of the state of ohio, with it's
principal place of business in cleveland ohio.

31 Timothy Edquist, At all times relevant to this action was a
Agent for the Federal Bureau of Investigation.

32 City of Akron, is a municipal corporation within the state of
ohio And employed all officers, Agents, Servants, And employee's
of Akron police department.

33 At all times relevant And in all their actions defendants city
of Akron And all employee's, Servants, Agents, And officers; And

pg 5.

Summit county And All employee's, Servants, Agents, And officers were Acting under color of law, practices, And procedures And pursuant to their Authority As police personnel.

## Statement of facts

34. I WAS A person of interest in A Oct, 2015 criminal investigation of meth, involving my Phone's 330-958-5656 And 330-338-1098 in Akron, OH.

35. NOV 5, 2015  P.I. MARC Kudley cAlled phone # 330-958-5656, I cAlled P.I. Kudley bAck on phone # 330-338-1098, P.I. Kudley Asked to meet And tAlk with me And I declined.

36. I wAs not Arrested nor indicted in sAid oct, 2015 investigation.

37. Nov 13, 2015  P.I. Kudley intercepted two mAil parcels contAining meth, intended for two different Addresses in Akron ohio And obtained federal warrants for both.

38. P.I. Kudley And Detective Chris CArney coordinated the Assembly of multiple government Agencies to conduct A controlled delivery too postal carrier JAlila Stoudemire And conduct Surveillence on her.

39. Nov 13, 2015 At or Around 3:30 pm I went to 665 w. exchange st Akron, OH to plAy NFL MAdden 2016, A football game plAyed on a plAy stAtion gAming console.

pg 6

40 I had been meeting friends At 665 w. exchange st daily to play NFL MAdden 2016 on the play station gaming console. At or About 6:00 pm nov. 13, 2015 I was leaving 665 w exchange st from side door / driveway.

A. 665 w. exchange st has two driveways; front driveway is Semi circle that opens to w. exchange st And to Side street, beck Ave; And a side driveway extending from side door of said Address to side street, beck Ave.

41 As I'm leaving 665 w. exchange st walking down side driveway, Simaustaneously A suv is pulling into the front driveway.

42 I see cars speeding down beck Ave, coming to Screeching stops behind suv parked in front driveway.

43 People began jumping out of cars that have barely stopped, it's dark outside, being Startled / frightened by Abrupt noise And movements, my fight or flight instincts Kick in. I run Away from the said Address.

44 I hear "Police stop" I stop, then "Get down" I drop to my Knees And put my hands into the Air, officers Approach guns drawn yelling "don't move" And "Identify yourself".

45 Upon information And belief, FbI Agent Timothy Edqist pushes me down on my face, And places his Knee into my back Applying his full body weight making it hard to breathe.

46 I said "I can't breathe" And tried to move to relieve same

Pg 7

pressure off my chest, FbI Agent edquist replied, "shut up"
And "stop resisting".

47. upon information And belief det. Paul J. Hill Approached, stepped
on my upper back/shoulder, pointed his gun At my head And
told me to identify myself, I told him my name.

48. while FbI Agent edquist had his knee in my back, he Aggressively
yanked my Arms behind my back And placed handcuffs on my
wrist extremely tight; det. Paul J. Hill radioed in my name.

49. I was yanked to my feet And searched, A officer went
into my pockets And took out my cell phones, $ 1,340 dollars,
And two grams of marijuana And handed it All to Another
officer.

50. I was placed into the back of a police cruiser for two hours
or longer. I was not read my miranda rights, questioned, nor
informed why I was Arrested.

51. At 6:10 pm nov 13, 2015 det. Paul J. Hill filled out Arrest
form no: 397107 charging me w/poss of meth And det.
chris Carney signed it.

52. Postal carrier Jalila Staudemire, driver of SUV in the front
driveways of 665 w. exchange st, was Also Arrested At 6:10 pm
And charged w/poss of meth.

53. Jalila Staudemire Agreed to cooperate At the scence And told
officers she did not know me, And was not there to meet me.

pg 8

54 Det. Michael Zimcosky forged my name on seizure/forfeiture form 1015, Det. Alan T. Jones signed form as a witness.

55 Nov 13, 2015 at 7:35 pm Magistrate Michael Kathy granted a search warrant based on affidavit by Det. Scott Williams.

56 At or around 9:30pm nov 13, 2015 I was booked into Summit County Jail on charges of (F1) drug abuse.

57 At 9:25pm nov 13, 2015 det. Carney filed a criminal complaint charging I possessed, used, or obtained crystal meth on nov 13, 2015.

58 Nov 14, 2015 at "tv cart" a magistrate postponed the proceedings "with unnecessary delay" until nov 16, 2015.

59 Nov 16, 2015 a search warrant for the cell phones that were seized off my person (330-338-1098 and 330-634-4860) nov 13, 2015 and was granted based off an affidavit by det. Chris Carney.

60 Nov 16, 2015 At 1:52 pm and Nov 21, 2015 At 7:30 Am Adam Ferrise, an journalist for cleveland Plain Dealer, wrote and posted on-line articles on cleveland.com about the arrest made, and investigation of mail parcels that ended up at 665 W. exchange st driveways.

61 Apr 19, 2016 during pre-trial hearing to unseal search warrant for 665 W. exchange st, Assistant Prosecutor Justin Richards stated on record "we made a mistake, the conduct attributed to "Ruff" believed to be Damon D. Ruffin was not his own, but was in fact someone else." I was not

pg 9

provided discovery until After April 19, 2016.

A. My Lawyer wrote A sworn Affidavit stating Asst. Prosecutor Richards did make such statements.

62 Oct 24, 2016 first days of trial, criminal case no: CR-2015-11-3595 was dismissed w/out prejudice by order of Judge Christine Croce. Jan, 2017 Government subpoena my phones under communication Act 28 U.S.C. 2703 (c)(d).

## Counts

## Count 1 - Unlawful Arrest

63 Plaintiff realleges paragraphs 1-62 As if set forth fully here.

64 The city of Akron, OH is responsible for the Acts of their Agents, Officers, Servants, And employees.

65 At time of Arrest police did not have information that plaintiff was involved in Any criminal Activity, plaintiff was not Suspected, seen, or believed to have committed An offense.

66 Plaintiff was not in Actual or constructive possesion of meth.

67 Det. Paul J. Hill filled out Arrest form no: 397107 And reporting officer Det. Chris Carney Signed it, Det Hill Arrested plaintiff.

68 Arrest form was improperly filled in, lacked Any evidence of plaintiff possessing meth. form contained misleading information.

69 Plaintiff was not Aware his Arrest was unlawful until After April 19, 2016 when discovery was provided. Above Actions constitute An warrantless Arrest Absent probable cause in

pg 10

Violation of fourth Amendment right to be free from unlawful Seizure.

Count 2 - illegal Search And Seizure

70 Plaintiff realleges paragraphs 1-69 As if set forth fully here.

71 The city of Akron, OH is responsible for the Acts of their Agents, Servants, officers, And employee's.

72 Nov 13, 2015 when officers yelled "police stop" And plaintiff stopped, he was Seized by police for reasonable suspicion of unprovoked flight.

73 officers were supposed to conduct a "limited pat-down" search for weapons, but instead conducted An "un-limited full-blown" search of plaintiffs person (pockets, coat, shoes). officers went into plaintiffs pockets And seized his cell phones And money prior to official arrest And absent probable cause.

74 Nov 16, 2015 Det. Carney Applied for search warrants for cell phones seized off plaintiff (# 330-338-1698, 330-634-4160) warrant was granted, Det. Carney intentionally misled the magistrate.

75 Affidavit for search warrants contain false And misleading information About plaintiff in paragraph #5 And #7, which Affiant knows is false.

a. #5 states " Damar D. Ruffin At time the Arrest was made and is believed to be one of intended recipients."

b. #7 states " Affiant states Damar D. Ruffin was Arrested And

pg 11

charged w/ poss of sch II crystal meth".

76 #5 is An Assumption, belief, thought, or gut feeling And is not based on Any set of facts; #7 Although is A true statement it is Also misleading, plaintiff was never in Actual, constructive, or implicated by Anyone (co-defendant, witness) of meth possession.

77 Affidavit for search warrant for 665 w. exchange st Akron, OH contain false And misleading statements that Det. Scott Williams wrote w/ reckless disregard for the truth in paragraph #3 And #5.

a. #3 states "... information was recieved that on prior occasions the postal carrier was meeting w/ Ruff, believed to be Damar D Ruffin And gave him packages containing narcotics, even though the packages were not Addressed to him or to be delivered to his Address".

b. #5 states "on previous occasions the postal carrier was known to meet w/ "Ruff" in parking lots in the West Akron Area. Detectives suspected that the carrier was once Again delivering the narcotics to "Ruff" And the decision was made to main-tain surviellance on her until she met w/ "Ruff" or until such time that it appeared she would not be meeting Another party ... Affiant is aware that while Arresting the postal carrier A black male fled from the rear of 665 w. exchange st, was Apprehended As he ran down beck Ave. The male was iden-tified As Damar Ruffin..."

pg 12

78. Paragraph #3 and #5 Are false, det. Williams has Absolutely no facts too corroborate his statements in said Affidavit, he willfully and purposedly falsified the Affidavit.

79. Unlawful "Un-limited search" of plaintiff before Arrest is unconstitutional, said Search and Seizure violated plaintiffs rights.

80. If false and misleading information About plaintiff is removed from warrants for cell phones and 665 W. exchange st they Are factually void of Any probable cause.

81. Above Actions of officers violated my fourth Amendment rights And Any evidence police gathered Are inadmissible under the "exclusionary rule" and, or "fruit of A poisonous tree doctrine."

## Count 3 — Unlawful Detention

82. Plaintiff realleges paragraphs 1-81 As if set forth fully here

83. The city of Akron, OH is responsible for the Acts of their Agents, Servants, officers, and employee's.

84. Sgt. Stott, det. Carney, det. Williams, det. Zimcosky, det. Hill, And det. Jones Knowingly and intentionally omitted false and misleading evidence concerning plaintiff on And After Nov 13, 2015 to prosecutors, their superiors, and magistrates in Summit county.

85. Nov 13, 2015 plaintiff was unlawfully Arrested, illegally Searched And seized, then booked into Summit county jail Absent probable cause.

pg 13

86 Plaintiff was detained and deprived of his liberty to move freely against his will.

87 Above actions of officers violated plaintiffs first, fifth, and eighth Amendment rights, knowingly violated the law.

Count 4 - Malicious Prosecution

88 Plaintiff realleges paragraphs 1-87 as if set forth fully here.

89 The city of Akron, OH and county of Summit are responsible for the acts of their agents, servants, officers, and employees.

90 A criminal prosecution was initiated against plaintiff Nov 13, 2015.

91 Plaintiff was held in Summit county jail longer than 48 hours w/out judicial determination of probable cause, which is required when an arrest is made absent a warrant.

92 Plaintiff was indicted using false inculpatory evidence presented by D.A. Sherri Bevan Walsh, and A.D.A Justin Richards to the grand jury, but manufactured by the Akron police officers being sued in this complaint. exculpatory evidence was withheld.

93 A.D.A Justin Richards, April 19, 2016 at pre-trial hearing to unseal search warrant for 665 W. exchange st stated "we (police) made a mistake. When it comes to the actions attributed to "Ruff" believed to be Damar Ruffin, was not his own but in fact someone else." State still continued criminal proceedings against plaintiff.

94 Their was no probable cause to detain, indict, nor prosecute plaintiff.

pg 14

95. The criminal proceedings were terminated Oct 24, 2016 by order of Judge Christine Croce when she dismissed charges w/out prejudice.

96. Plaintiff made bond nov 18, 2015 And was placed on GPS monitoring And told not to go certain places.

97. Due to Above Actions of said defendants, plaintiff was detained And prosecuted with legal And Actal malice, As there was Ample evidence that plaintiff did not commit the crimes Alleged. City of Akron continued to detain and restrict plaintiffs freedom without legal justification or excuse.

Cant 5 - Bivens claim (malicious Prosecution)

98. Plaintiff realleges paragraphs 1-97 As if set forth fully here.

99. P.I. Marc Kudley was the lead officer in the investigation of 665 W. exchange st and the mail parcels shipped from California And worked in conjunction with APD, UspIS, FBI And other agencies in surviellance, investigations, Arrests, And prosecution of plaintiff in state case cr-2015-11-3595.

100. Upon information and belief, P.I. Kudley gave false And misleading information to Summit county prosecuters, the grand jury And to Adam Ferrise, jurnalist for cleveland plain dealer.

101. P.I. Kudley helped initiate criminal proceedings Against plaintiff.

102. Violating plaintiffs fourth, fifth, sixth, And eighth Amendment rights.

pg 15

## Count 6 - Libel And slander/Defamation

103 Plaintiff realleges paragraphs 1-102 As if set forth fully here.

104. On Nov 16 And Nov 21, 2015 cleveland.com journalist Adam Ferrise - based on information from city of Akron And county of Summit Agents, Servants, officers, And employee's, wrote And posted Articles that contain false And misleading information About plaintiff.

105. Nov 16 At 1:52 pm on cleveland.com Adam Ferrise wrote - "Trio Accused of trying to mail 9-pound package of crystal meth" - "An Akron trio is Accused of trying to mail A nine-pound package of crystal meth from A post office. Damar Ruffin, Jalila Stoudemire, And Daemetrice Smith All Are being held without bond After initial Appearances in Akron Municipal court... The trio dropped off the package About 6pm friday At the Akron post office on West exchange St, According to court records. Akron Narcotics officers And U.S. mail inspectors intercepted the package found the drugs And Arrested the trio..."

A. Nov 21, 2015 7:30 Am on cleveland.com Adam Ferrise wrote - "Woman who went to deliver 9 pound package of crystal meth is Akron postal worker" - "A postal worker went to deliver A nine-pound package of crystal meth As part of A drug dealing scheme According to records... Two men, Damar Ruffin And Daemetrice Smith gave the package to Stoudemire near the W. exchange St post office, to deliver to the home of Wesley tucker According to records."

pg 16

106. Both Articles pertaining to plaintiffs involvement with postal carrier, possession of mail parcels, or Any illegal Activity Is false, untrue, defamatory, And libelous on it's face because:

A. both Articles contain libelous statements concerning plaintiff either with Knowledge of the falsity of the statements or with reckless disregard for the truth.

b. both Articles wrongfully Accuses plaintiff, And was intended to wrongfully Accuse plaintiff of Actions that Are false, defamatory slander, And damaging.

107 All defendants in this complaint jointly or seperately Knew, Nov 16 And nov 21 2015 Articles As it Applies to plaintiff to be false, And that said Article was intended by defendants to convey false And defamatory statements About plaintiff.

108 All defendants And each of them, jointly or seperately were in possession of evidence that would give Serious doubt About the truth of the statements made in Articles.

109 Articles were printed And posted on cleveland.com And, or in cleveland plain dealer in cuyahoga county. Plaintiff was Arrested And charged in Akron, OH summit county. Plaintiff was not Aware of Articles until june 2016. With ordinary And reasonable care defendants would have realized or discovered that Articles were obviously false, grossly libelous, offensive, And damaging to plaintiff.

Count 7 - Manufacture of inculpatory evidence

110 Plaintiff realleges paragraphs 1-109 As if set forth fully here.

pg 17

111. City of Akron, OH And county of summit Are responsible for the Acts of their Agents, Servants, officers, and employees.

112. Det. Paul J. Hill falsified Arrest form by charging plaintiff w/poss of meth.

113. Det. Scott Williams falsified Affidavit for Search warrant for 665 W. exchange st.

114. Det. chris CArney falsified Affidavit for Search warrant for cell phones.

115. Sgt. M. Stott And det. CArney wrote And signed off on Supplemental Arrest forms And discovery that contained false information And statements.

116. Det. mike Zimcosky forged plaintiffs name on Seizure/forfeiture form 1015, Det. Alan T. Jones signed As A witness.

117. Above Actions constitute police misconduct, officers Knowingly And intentionally w/out mistake manufactured false evidence (brady violation) violating plaintiffs constitutional rights.

Count 8- concealment of exculpatory evidence

118. Plaintiff realleges paragraphs 1-117 As if set forth fully here.

119. City of Akron, OH And summit county Are responsible for the Acts of their Agents, Servants, officers, And employees.

120. D.A. Sherri Bevan Walsh And A.D.A. Justin Richards, upon information And belief, withheld evidence from the Grand jury that was material to plaintiffs innocence or guilt.

Pg 18

121 Upon information And belief Sgt. Stott, Det. Carney, And other police officers withheld And concealed statements from those detained At 665 W. exchange st, Jalila stoudemires official interview, Police body And car cameras, And police notes from Nov 13, 2015 And After Nov 13, 2015 during criminal proceedings.

Count 9 ~ Conspiracy in violation of 42 U.S.C 1985(3)

122 Plaintiff reAlleges paragraphs 1-121 As if set forth fully here.

123 City of Akron, OH And county of summit Are responsible for the Acts of their Agents, servants, officers, And employee's.

124 Upon information And belief defendants in this complaint jointly And seperately, At one time or Another, Knowingly And intentionally conspired, combined with each other to make false, misleading, reckless with disregard for the truth statements, Allegations, And charges Alleging plaintiff committed crimes that defendants Knew were not committed by plaintiff.

125 Upon information And belief Sgt. Stott, Det. Carney, A.D.A. Justin Richards And other defendants conspired either directly or indirectly to prevent plaintiff of equal protection of the laws or of equal privileges And immunities under the law because of the color of his skin.

126 Defendants, to hide And cover conspiratorial Acts presented false evidence And statements to judges, grand juries, And initiated criminal proceedings Against plaintiff.

pg19

127. When plaintiff exercised his right to trial, prosecutor offered plaintiff A deal to cop out to A misdemeanor. Plaintiff refused the deal And prosecutor filed to dismiss charges to cover up misconduct of officers.

Count 10 - failure to prevent deprivation of constitutional rights 42 U.S.C. 1986

128. Plaintiff reAlleges paragraphs 1-127 As if set forth fully here.

129. Upon information And belief All police officers including Sgt. Stott And det. Carney, And Attorneys including D.A. Sherri Bevan Walsh And A.D.A. Justin Richards At one time or Another knew plaintiffs rights were being violated And had An opportunity to prevent the unlawful Arrest, illegal seArch And seizure, unlawful detention And mAlicious prosecution of plaintiff And did not even though it's their duty.

130. Upon information And belief All police officers And court officials being sued in complaint failed to uphold their sworn oAths, pArticipated in misconduct, And engaged in illegal And mAlicious Acts Against plAintiff.

Count 11 - failure to train/supervise

131. Plaintiff reAlleges paragraphs 1-130 As if set forth fully here.

132. City of Akron, OH And cantya of Summit Are responsible for the Acts of their Agents, servAnts, officers, And employee's.

pg 20

133 Upon information and belief the abuse to which plaintiff was subjected too was consistent with an institutionalized practice of the City of Akron police department which was known to and ratified by City of Akron and county of Summit.

134 Upon information and belief despite knowledge of the institutionalized practices the City of Akron and county of Summit have at no time taken any effective action to prevent Akron police department from continuing to engage in this type of misconduct alleged in complaint.

135 City of Akron and county of Summit upon information and belief had prior notice of the vicious propensities of det. Hill, det. Carney, det. Zimcosky, det. Williams, det. Jones and Sgt. Stott but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority.

136 Upon information and belief City of Akron, county of Summit authorized, tolerated as institutionalized practices and ratified the misconduct alleged by plaintiff by failing to properly discipline, restrict, and control employees including det. Carney, det. Zimcosky, det. Williams known to be irresponsible in their dealings with citizens of the community.

a. failing to forward to the office of the district attorney of Summit county evidence of criminal acts committed by police personnel.

b. failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct but instead responding to these types of complaints

pg 21

with bureaucratic power and official denials calculated to mislead the public.

137 The actions and omissions described in complaint, engaged in under the color of state authority by defendants - except P.I. Kudley F.B.I Agent timothy Edquist, Adam ferrise, claveland plain dealer - including city of Akron, sued as a person and responsible because it's authorization, condonation, and ratification of the acts of its agents, servants, officers, and employees deprived plaintiff of rights secured to him by the constitution of the United states including but not limited too:

A. first Amendment to freedom of expression

b. forth Amendment right to be free from unlawful seizure of his person and effects.

c. fifth and fourteenth Amendment right to due process of law including right to be free from unjustified and excessive force utilized by police and

d. Eighth Amendment right to be free from cruel and unusual punishment.

Count 12 - excessive force / cruel and unusual punishment (Berns claim)

138 Plaintiff realleges paragraph 1-137 as if set forth fully here.

139 Nov 13, 2015 upon information and belief F.B.I. Agent timothy Edquist pushed plaintiff forcefully into the ground, After he already submitted to officers command to stop and get down,

pg 22

then with extreme pressure put his knee into plaintiffs back cutting off his Air supply And causing great Alarm.

140 Upon information And belief det. Paul J. Hill then stepped on plaintiffs upper back/shoulder And pointed a gun At plaintiffs head.

141 Agent Edquist then Aggressively yAnked plaintiffs Arms behind his back And put extremely tight handcuffs on his wrists.

142 Plaintiff was placed into back of police cruiser for over three hours.

143 Plaintiff endured 2-4 weeks of shoulder pain, swollen wrist And numbness in hands for 1 week, and chest pain for two-three days.

144 All in violation of his right to be free from unjustified excessive force And cruel And unusual punishment.


Count 13 - 4th Amendment violation

145 Plaintiff reAlleges paragraphs 1-144 As if set forth fully here.

146 Subpoena And court order of plaintiffs cell phones January 2017, under communications Act 18 U.S.C. 2703 (c)(d) for cell-site location information to track plaintiffs movements from Oct. 1, 2015 through Nov. 15, 2015 lacked probable cause And search warrant.

147 Upon information And belief police acted in "bad faith" by presenting false and misleading information in the Affidavit to the Judge and or phone company.

pg 23

148 The plaintiff has no plain, Adequate or complete remedy At law to redress the wrongs described herein. Plaintiff has been And will continue to be irreparably injured by the conduct of the defendants unless this court grants the Declatory, Monetary, and Injuctive relief.

## Prayer for Relief to be Granted

149 Leave to Amend be freely granted As it becomes evident.

150 That defendants; be taxed And Assessed All costs of litigation Attorney fee's, And All expense incured by plaintiff.

151 A declaration that the Acts and omissions described herein violated plaintiffs rights under the constitution And laws of the United States; And Police Acted in "bad faith" obtaining cell-site location information.

152 A preliminary And permanent injunction ordering defendants det. Carney, Sgt. Stott, det. Zimcosky And det. Williams to stop violating the rights of citizens.

153 That punitive damages be Assessed Against each defendant jointly And seperately, no less than Ten million U.S. dollars not to

pg 24

exceed ninety million U.S. dollars, and defendants employer, except U.S.A.

154 That the court Award plaintiff compensatory damages Against each defendant jointly And seperately based upon evidence at trial, no less than five million U.S. dollars jointly And seperately per defendant And their employer, except U.S.A.

155 That the court Award treble relief.

156 Plaintiff reserves right to sue U.S.A. under federal tort claim Act, for employee negligence, declatory and monetary relief, finding of negligence and non-discretionary function, conspiracy of defendants.

157 A jury trial on All issues triable by jury.

And Additional relief this court deems just, proper, And equitable.

date :

Respectfully submitted,

Damar D. Ruffin #64694060

USP Hazelton P.O. Box 2000

Bruceton Mills, WV 26525

pg 25

# Verification

I have read the foregoing complaint and hearby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Bruceton mills, WV USP Hazelton on Jan 15, 2019

Damar D. Ruffin
#64694060