FILED
2:46 pm May 09 2019
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAMAR D. RUFFIN,** ) | CASE NO. 1:18 CV 2830 |
| ) | |
| **Plaintiff,** ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **POSTAL INSPECTOR MARC** ) | |
| **KUDLEY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

*Pro se* Plaintiff Damar D. Ruffin brings this *in forma pauperis* civil rights action against thirteen defendants. In his Amended Complaint,[1] Plaintiff asserts various federal and state law claims against these defendants in connection with his arrest and prosecution on drug charges. (Doc. #: 8 ("Amended Complaint")). Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) (asserting that defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution), and 42 U.S.C. §§ 1985 and 1986. (*Id*. at 2).

For the reasons that follow, this action is dismissed.

---

[1] Plaintiff's original complaint (Doc. #: 1) was filed on December 10, 2018.

**A. Background**

Plaintiff identifies the thirteen named defendants as follows: (1) Postal Inspector Marc Kudley, (2) Akron Police Sergeant M. Stott, (3) Akron Police Detective Chris Carney, (4) Akron Police Detective Scott Williams, (5) Akron Police Detective Paul J. Hill, (6) Akron Police Detective Alan T. Jones, (7) Akron Police Detective Michael Zimcosky, (8) Summit County district attorney Sherri Bevan Walsh, (9) Summit County assistant district attorney Justin Richards, (10) Cleveland Plain Dealer journalist Adam Ferrise, (11) Cleveland Plain Dealer, (11) Federal Bureau of Investigation agent Timothy Edquist, and (13) City of Akron. (*See id.* at 3-4).

Briefly, according to the Amended Complaint, Plaintiff was arrested, charged with possession of methamphetamine, and booked into the Summit County Jail in Akron, Ohio, on November 13, 2015 by Edquist, Hill, Carney, Zimcosky, Williams, and Jones. On November 16, 2015, Ferrise posted an article on Cleveland.com about Plaintiff's arrest. (*See id.* at 6-8).

Plaintiff alleges that during a pretrial hearing on April 19, 2016, Richards stated on the record that "we made a mistake" and conduct attributed to "Ruff" was not Ruffin, but someone else. (*Id.* at 8, ¶ 61). On October 24, 2016, Summit County Criminal Case No. CR-2015-11-3595-A ("Criminal Case") was dismissed by Summit County Court of Common Pleas Judge Christine Croce. (*Id.* at 9, ¶ 62).[2]

---

[2] The Summit County Court of Common Pleas docket for the Criminal Case indicates that on October 24, 2016, the indictment against Ruffin was dismissed without prejudice and Ruffin was ordered discharged from custody. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (a court may take judicial notice of a public record when the plaintiff refers to that record in the complaint).

Plaintiff asserts thirteen counts in connection with these events: Count 1 - unlawful arrest; Count 2 - illegal search and seizure; Count 3 - unlawful detention; Count 4 - malicious prosecution; Count 5 - *Bivens* claim (malicious prosecution); Count 6 - libel and slander/defamation; Count 7 - manufacture of inculpatory evidence; Count 8 - concealment of exculpatory evidence; Count 9 - conspiracy in violation of 42 U.S.C. § 1985(3); Count 10 - failure to prevent deprivation of constitutional rights in violation of 42 U.S.C. § 1986; Count 11 - failure to train/supervise; Count 12 - *Bivens* claim (excessive force/cruel and unusual punishment); and Count 13 - violation of the Fourth Amendment. (*Id.* at 9-23).

Among other relief, Plaintiff seeks punitive damages in an amount not less than 10 million dollars but not more than 90 million dollars, and 5 million dollars in compensatory damages. (*Id.* at 23-24).

**B. Standard of Review**

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) for failure to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**C. Analysis**

### 1. Plaintiff's 42 U.S.C. §§ 1983, 1985 and *Bivens* claims are time-barred

To state a claim under § 1983, Plaintiff must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citation omitted). Section 1985(3) prohibits conspiracies to deprive persons of equal protection of law.[3] *See Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 222-23 (6th Cir. 1991). In *Bivens*, the United States Supreme Court recognized a cause of action against federal agents in the individual capacities for certain constitutional violations. The Supreme Court described *Bivens* actions as the "'federal analog to suits brought against state officials under ... 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

The statute of limitations for a § 1983 claim arising in Ohio is two years. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (the statute of limitations for § 1983 actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, and requires that such actions be filed within two years of their accrual). The same two-year statute of limitations applies to § 1985 claims, *Dotson v. Lane*, 360 F. App'x 617, 620 n.2 (6th Cir. 2010) (citation omitted), and

---

[3] Unlike § 1983, § 1985 does not provide a cause of action for the deprivation of independent rights secured by the Constitution, but rather, prohibits conspiracies intended to prevent persons or classes of persons from equal exercise of their civil rights. *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 840-41 (1983).

-4-

to *Bivens* claims, *Kurinsky v. U.S.*, 33 F.3d 594, 599 (6th Cir. 1994).

The issue of when the statute of limitations begins to run is governed by federal law and, under federal law, the limitations period begins to run when a plaintiff has reason to know of his injury or should have discovered it through reasonable diligence. *See Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005) (citing *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984)). Thus, the statute of limitations for Plaintiff's §§ 1983, 1985, and *Bivens* claims began to run when he "knew or should have known of the injury" which forms the basis of his claims. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

Plaintiff's *Bivens* and §§ 1983 and 1985 claims are time-barred. The conduct from which Plaintiff's claims arise are alleged to have occurred as early as November 13, 2015 when he was arrested, and no later than October 24, 2016, when the Criminal Case against Ruffin was dismissed and he was ordered released.[4] (Amended Complaint at 9, ¶ 62). Even assuming for the purpose of this analysis that the Amended Complaint (filed on January 25, 2019) relates back to the filing date of the original complaint (December 10, 2018), this action was filed more than two years after the allegations in the Complaint establish that Plaintiff knew or had reason to know of his constitutional injuries.

---

[4] Plaintiff may have known as early as April 19, 2016 of alleged issues with respect to his arrest and indictment because he claims that on that date at a pretrial hearing in the Criminal Case, "Assistant Prosecutor Justin Richards stated on the record we made a mistake, the conduct attributed to 'Ruff' believed to be Damar D. Ruffin was not his own, but was in fact someone else," and Plaintiff's lawyer knew of Richards' statement. (Amended Complaint at 8, ¶ 61).

Because Plaintiff's §§ 1983 and 1985 and *Bivens* claims are time-barred by the two-year statute of limitations, he fails to state plausible claims upon which relief can be granted and those claims are dismissed pursuant to § 1915(e).

With respect to Plaintiff's § 1986[5] claim, failure to state a claim for relief under § 1985 is fatal to his § 1986 claim as that claim is dependent upon a viable § 1985 claim. Because Plaintiff fails to state a plausible § 1985 claim, he also fails to state a § 1986 claim upon which relief may be granted and that claim is dismissed pursuant to § 1915(e). *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314-15 (6th Cir. 2005) (citation omitted).

**2. Plaintiff's state law claims are dismissed**

Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy support a single judicial proceeding. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966). The Court may, however, exercise discretion in hearing state law matters. *Id.* at 726. Because all of Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over his state law claims, and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c); *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.") (collecting cases).

---

[5] Title 42 U.S.C. § 1986 creates a cause of action against those who have knowledge of a § 1985 conspiracy and the power to prevent it, but fail to do so.

**D. Conclusion**

For all of the foregoing reasons, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's state law claims are dismissed without prejudice. Plaintiff's motion for the appointment of counsel is moot, and denied as such. (Doc. #: 4).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

**IT IS SO ORDERED**.

                                                        s/ Dan Aaron Polster         5/9/2019
                                                        **DAN AARON POLSTER**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[6] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.